**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramey Clyde BARBIERI,**
**Defendant–Appellant.**

**No. 01–4262.**

United States Court of Appeals,
Tenth Circuit.

Aug. 16, 2002.

Paul M. Warner, U.S. Attorney, Elizabethanne C. Stevens, Office of the United States Attorney, Salt Lake City, UT, for Plaintiff–Appellee.

Mark R. Moffat, Ann Marie Girot, Brown, Bradshaw & Moffat, Salt Lake City, UT, for Defendant–Appellant.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

---

**ORDER AND JUDGMENT***

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Ramey Clyde Barbieri was indicted by a grand jury on one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and 18 U.S.C. § 2. Prior to trial, he filed a motion to dismiss the indictment, arguing that several provisions of the Child Pornography Prevention Act of 1996 were unconstitutional. Specifically, he contended that definitional language in 18 U.S.C. § 2256(8)(B) and (D) prohibiting material which "appears to be" or "conveys the impression" of a minor engaged in sexual activity was vague and overbroad. The district court denied the motion to dismiss. Barbieri then pled guilty to the indictment but reserved the right to appeal the denial of his motion to dismiss.

In *Ashcroft v. Free Speech Coalition,* —— U.S. ——, 122 S.Ct. 1389, 1405–06, 152 L.Ed.2d 403 (2002), the Court ruled that the disputed definitional language in § 2256(8)(B) and (D) was overbroad and unconstitutional. As a consequence, we conclude this matter should be remanded to the district court with directions to vacate Barbieri's conviction.

REMANDED with directions. The mandate shall issue forthwith.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.